| | |
|---|---|
| DISTRICT COURT, TELLER COUNTY<br>STATE OF COLORADO<br>Teller Combined Courts<br>101 W Bennett Ave<br>Cripple Creek, CO 80813<br>(719) 269-0100 | DATE FILED: November 21, 2022 3:03 PM<br>FILING ID: 7F6A1179F92F7<br>CASE NUMBER: 2022CV30088 |
| Plaintiff:<br><br>   CINDY GURLEY<br><br>Defendant:<br><br>   AMERICAN FAMILY MUTUAL INSURANCE<br>      GROUP, a Foreign Corporation | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiffs:<br>Rick A. Carmickle, Esq., #20742<br>Carmickle Law, P.C.<br>1136 E. Davies Court<br>Centennial, CO 80122<br>Phone: 720-232-5871<br>Email: Rick@Carmicklelaw.com | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT** | |

Plaintiffs, Cindy Gurley and Gabe Gurley, by and through their attorney, Rick Carmickle of Carmickle Law, P.C., and files this *Complaint*, and for such would state:

### PRELIMINARY STATEMENT

1. This is an action for injuries suffered by Cindy Gurley as a consequence of an automobile collision that occurred on July 19, 2017.

2. Defendant American Family Mutual Insurance Group (hereinafter "Defendant American Family") is an insurance company with a home office in Wisconsin and licensed to do business in the State of Colorado. Defendant regularly transacts business in the State of Colorado, including the City and County of Denver.

3. American Family Mutual Insurance Group's registered agent, Corporation Service Company, is located at 1900 W. Littleton Boulevard in Littleton, Colorado 80120.

### VENUE

4. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court, Teller County, Colorado, because the collision occurred in Teller County.

1

## PARTIES AND GENERAL ALLEGATIONS

5. The Plaintiffs are Cindy Gurley and Gabe Gurley.

6. At all times relevant to this action, the Plaintiffs Cindy Gurley and Gabe Gurley has been a resident of the State of Colorado, and currently resides at 35 Navajo Avenue, Lake George, Colorado, 80827.

7. Defendant American Family Insurance was the automobile insurance company for Cindy Gurley.

## FACTUAL ALLEGATIONS

8. On July 19, 2017, Cindy Gurley was the driver of her 2006 Volkswagen, Jetta bearing Colorado License Plate number TQQl895, when she was struck by the vehicle driven by Defendant Whitney Row.

9. Whitney Row was traveling east on Colorado State Highway 24, in the right lane, when she left 92 feet of skid marks before colliding with the rear of the vehicle driven by Cindy Gurley,

10. Ms. Whitney's vehicle collided with the rear of the Cindy Gurley's vehicle.

11. The accident occurred on Colorado State Highway 24, 153 feet west of the Meadow Park Drive intersection.

12. Whitney Row, the registered owner, was driving her 2005 Hyundai, Elantra, bearing Colorado license plate number 872WWI, when she collided with the vehicle driven and occupied by Cindy Gurley.

13. Whitney Row was cited for careless driving (violation code 42-4-1402(2)(a)); citation number 4722780.

14. As a consequence of this collision, Cindy Gurley has suffered injuries, damages, and losses.

15. Cindy Gurley settled her claim against Geico with the consent of American Family Insurance for the policy limit of $25,000.

## FIRST CLAIM FOR RELIEF
**(Benefits Due under the Policy)**

16. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

17. Defendant American Family owed Plaintiff a duty to pay benefits due under his underinsured motorist benefits claims.

18. Defendant, through its representatives, acted unreasonably and in total disregard of the rights of Plaintiff in failing to promptly pay the full value of the benefits due under the insurance policy.

19. Defendant American Family knew such conduct was unreasonable and Defendant American Family disregarded the fact that its conduct was unreasonable.

20. Defendant American Family's unreasonable conduct caused or was a substantial factor in causing Plaintiff's injuries, damages, or losses.

21. Defendant American Family has failed to pay appropriate benefits due under the policy by:

    a.  failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; and,

    b.  failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and,

    c.  refusing to pay claims without conducting a reasonable investigation based on all available information; and,

    d.  attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and,

    e.  compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and,

    f.  failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and,

    g.  such other actions undertaken by Defendant and predicated upon C.R.S. § 10-3-1104 which will be proven at the trial of this civil action.

22. Defendant American Family knew its conduct was unreasonable.

23. Plaintiff, at all relevant times, is not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

    WHEREFORE, Plaintiff prays for the relief requested below.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

24. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

25. Under his contract with Defendant American Family, Plaintiff is entitled to recover damages pursuant to his uninsured/underinsured motorist coverage.

26. The at-fault driver owed a duty to Plaintiff to use reasonable care and prudence at all times in observing traffic movements and signals in the vicinity and in the operation of his motor vehicle with respect to Plaintiff and other drivers on the roadway in accordance with the Colorado safety standards.

27. As indicated above, at-fault driver breached said duty to Plaintiff, causing his injuries, damages and losses.  Plaintiff has timely and otherwise properly filed a claim for underinsured motorist benefits.  Defendant American Family has a duty under the policy to pay the full underinsured motorist benefits given the at-fault driver's actions and inactions. Defendant American Family has delayed, reduced, and failed to pay such benefits, and has "anticipatorily breached" its contract of insurance with Plaintiff by undertaking the conduct described herein.

28. As the direct and proximate result or substantial factor of actions and omissions to act in accordance with established Colorado safety standards by the at-fault driver and for which Defendant American Family is liable, Plaintiff has been forced to obtain additional services for litigation.

29. As the direct and proximate result or substantial factor of actions and omissions to act in accordance with established Colorado safety standards by the at-fault driver, Plaintiff has incurred economic damages, including medical, and non-economic damages, including but not limited to, loss of enjoyment of life, pain and suffering, and emotional distress, all in amounts to be proven at trial.

30. As a further direct and proximate result or substantial factor of actions and omissions to act in accordance with established Colorado safety standards by the at-fault driver, Plaintiff has suffered loss of enjoyment of life, inconvenience and impairment of the quality of life.

31. As a further direct and proximate result or substantial factor of actions and omissions to act in accordance with established Colorado Safety standards by the at-fault driver for which Defendant American Family is liable, Plaintiff has suffered personal injuries. Plaintiff's injuries, which have required medical treatment include, but are not limited to, low back and right shoulder pain, as well as emotional pain and suffering and loss of enjoyment of life.

32. Plaintiff is entitled to be compensated for all damages he was legally entitled to collect from the at-fault driver in the June 17, 2018, motor vehicle accident, including medical expenses, pain and suffering, and loss of enjoyment of life.

33. Plaintiff has timely and otherwise properly filed a claim for underinsured motorist benefits.  Defendant American Family has a duty under the policy to pay underinsured motorist benefits. Defendant has delayed, reduced and/or failed to pay such benefits, and has "anticipatorily breached" its contract of insurance with Plaintiff by undertaking the conduct described herein.

34. Through their actions enumerated herein Defendant American and its representatives participated in an "anticipatory breach" of contract of insurance issued to Plaintiff, repudiation of "coverage" and breach of contract of insurance issued to Plaintiff causing those damages to Plaintiff as stated herein.

35. Plaintiff has made demand upon Defendant American Family for the full policy limits and Defendant has refused to pay Plaintiff the full amount.

36. Defendant American Family has breached its contract with Plaintiff and as a result of this breach of contract, caused injuries, damages or losses to Plaintiff

37. Plaintiff, at all relevant times, is not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

   WHEREFORE, Plaintiff prays for the relief requested below.

### THIRD CLAIM FOR RELIEF
**(Bad-Faith Breach of Insurance Contract - Underinsured Motorist Benefits)**

38. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

39. Defendant American Family owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling his underinsured motorist benefits claims.

40. Defendant, through its representatives, acted unreasonably and/or in total disregard of the rights of Plaintiff in reducing and/or delaying the payment of Plaintiff's claims and in "anticipatorily breaching" the contract of insurance issued to Plaintiff and in handling its duties, including the conduct described herein.

41. Defendant American Family knew such conduct was unreasonable and/or Defendant recklessly disregarded the fact that its conduct was unreasonable.

42. Defendant American Family's unreasonable conduct caused or was a substantial factor in causing Plaintiff's injuries, damages or losses as more particularly plead in the First Claim for Relief above.

43. Defendant American Family has breached its duties to Plaintiff, its insured, and acted in bad faith through its conduct as described herein by engaging in, but not limited to, the following acts, omissions and unfair claim settlement practices by:

    a. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; and,

    b. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and,

    c. refusing to pay claims without conducting a reasonable investigation based on all available information; and,

    d. attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and,

    e. compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and,

    f. failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and,

    g. failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and,

    h. such other actions undertaken by Defendant and predicated upon C.R.S. § 10-3-1104 which will be proven at the trial of this civil action.

44. Defendant American Family knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

45. Plaintiff, at all relevant times, is not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

    WHEREFORE, Plaintiff prays for the relief requested below.

## FOURTH CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 and § 10-3-1116)

46. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

47. Defendant American Family unreasonably reduced and/or delayed payment of benefits owed to or on behalf of Plaintiff, and "anticipatorily breached" its insurance contract with Plaintiff by engaging in the conduct more particularly described herein, causing Plaintiff's injuries, damages and losses as more particularly pled in the First Claim for Relief.

48. Defendant American Family's unreasonable delay or reduction of payment of benefits owed to or on behalf of the Plaintiff is an "anticipatory breach" of the contract of insurance issued to Plaintiff and entitles Plaintiff to bring an action in the District Court.

49. Defendant American Family's unreasonable delay or reduction of payment of benefits owed to or on behalf of Plaintiff, and anticipatory breach of the insurance contract issued to Plaintiff entitles Plaintiff to reasonable attorney's fees, court costs, and two times the covered benefits, in an amount to be proven at trial, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116.

50. Plaintiff, at all relevant times, is not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant American Family, as follows:

a. For actual/compensatory benefits and damages as otherwise alleged herein in an amount which will be proven at trial which will sufficiently compensate Plaintiff for his injuries, damages and losses;

b. For reasonable attorneys' fees, court costs, and two times the covered benefits, in an amount to be proven at trial, pursuant to C.R.S. § 10-3-1115 and § 10-3-1116 on Plaintiff's Fourth Claim for Relief;

c. For three times the amount of actual damages sustained, costs of the action, and reasonable attorney fees as determined by the court pursuant to C.R.S. § 6-1-101 *et seq.* on Plaintiff's Fourth Claim for Relief; and

d. For such other attorneys' fees, statutory penalties, pre- and post-judgment interest pursuant to the Colorado Revised Statutes, costs, expert witness fees and such other and further relief which this Court deems to be just, fitting, and proper.

Respectfully submitted:

Dated: November 21, 2022         Carmickle Law, P.C.


                                  s/ Rick A. Carmickle
                                 Rick A. Carmickle
                                 Attorney for Plaintiff